NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HONG YANG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   21-71010

Agency No. A201-602-479

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and submitted June 9, 2022
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Hong Yang, a citizen of China, seeks review of a Board of Immigration

Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order

denying his applications for asylum, withholding of removal, and protection under

the Convention Against Torture (CAT).  We review for substantial evidence and

may grant relief only if the record compels a contrary conclusion.  *Yali Wang v.*

_____

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

*Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.[1]

1.      Substantial evidence supports the denial of asylum.  "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).  Where, as here, "the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see Ren v. Holder*, 648 F.3d 1079, 1090–91 (9th Cir. 2011).

Yang has not demonstrated error in the IJ's determination that Yang was required to provide corroborating evidence supporting his claim.  Yang agreed before the BIA that the IJ correctly characterized his case as presenting "two potential realities"—that Yang was either the victim of government persecution, or, alternatively, the aggressor who engaged in corporate sabotage of a pipeline.  Thus,

---

[1] Yang has not challenged the denial of withholding of removal and CAT protection, and those claims are therefore forfeited.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1260 (9th Cir. 1996); *see also Honcharov v. Barr*, 924 F.3d 1293, 1295–96 & n.1 (9th Cir. 2019).

the IJ could reasonably require Yang to produce additional corroborating evidence. *See Ren*, 648 F.3d at 1093.

Nor did the BIA err in concluding that Yang failed to offer reasonably available corroborating evidence or sufficiently explain why he could not obtain the requested evidence. The BIA noted that "[t]he Immigration Judge found that [Yang] did not establish that he took reasonable steps to contact his prior attorney to obtain the evidence requested by the Immigration Judge[,] and [Yang] has not challenged that finding on appeal." The BIA further noted that Yang "has not presented any other arguments on appeal challenging the Immigration Judge's conclusion that [Yang] did not meet his burden of proof to establish that the evidence she requested . . . was not reasonably available." Yang has not demonstrated error in these determinations, or that he sufficiently complied with the IJ's request for corroborating evidence.

The BIA did not err in declining to remand despite the IJ's possible misstatement regarding one aspect of Yang's testimony. For purposes of the BIA's review, "'facts determined by the immigration judge . . . shall be reviewed only to determine whether the findings of the immigration judge are clearly erroneous.'" *Ridore v. Holder*, 696 F.3d 907, 911 (9th Cir. 2012) (quoting 8 C.F.R. § 1003.1(d)(3)(i)). "Where there are two permissible views of the evidence, the [IJ]'s choice between them cannot be clearly erroneous." *Guerra v. Barr*, 974 F.3d

3

909, 913 (9th Cir. 2020) (alteration in original; citation omitted). Considering the entire record, the BIA could reasonably determine that the IJ properly found that Yang had not corroborated his version of events. There is no indication that the IJ placed dispositive reliance on Yang's alleged admission to sending his employees to sabotage the pipeline.

2. Although it is not before us, we note that Yang, now represented by new counsel, has moved to reopen his immigration proceedings. The record raises substantial questions about whether Yang's prior counsel performed deficiently in the development of corroborating evidence and in the overall presentation of his case. We expect these matters will receive due consideration in any further agency proceedings.

**PETITION DENIED.**[2]

---

[2] We deny Yang's motion to stay removal, Dkt. 9, as moot.